UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                    :
DONALD G. JACKMAN, JR.,             :
                                    :
          Petitioner,               :    Civ. No. 14-1799 (NLH)
                                    :
     v.                             :    OPINION
                                    :
WARDEN JORDAN HOLLINGSWORTH,        :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:
Donald G. Jackman, Jr., #06804-068
FCI Fort Dix
P.O. Box 2000
Join Base MDL, Fort Dix, NJ 08640
     Petitioner Pro se


HILLMAN, District Judge

     This matter is before the Court upon a Motion to Alter or

Amend Judgment (ECF No. 7) filed by Petitioner Donald G.

Jackman, Jr., a prisoner confined at the Federal Correctional

Institution in Fort Dix, New Jersey.  Petitioner has also filed

a Motion for Leave to File an Amended Complaint (ECF No. 8), a

Motion for an Order Compelling Discovery (ECF No. 14), a Motion

to Supplement the Proceedings (ECF No. 22), as well as multiple

other applications and letter requests.  For the reasons set

forth below, the motions will be denied and the case will be

closed.

## I.   PROCEDURAL HISTORY

The procedural history of Petitioner's underlying criminal matter and his subsequent habeas filings is articulated in the Court's September 24, 2012 Opinion denying his writ for habeas corpus.  In relevant part, the Opinion explains that Petitioner was sentenced to a 262-month, and a 120-month concurrent, term of imprisonment,

> on September 17, 2002, by Judge Maurice B. Cohill, Jr., after a jury found him guilty of possessing an unregistered destructive device, in violation of 26 U.S.C. § 5681(d), and he pleaded guilty to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). See United States v. Jackman, 72 Fed. App'x 862 (3d Cir. 2003).  On July 30, 2003, the Third Circuit affirmed the convictions and sentence on direct appeal. Id.  In 2004, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. See Jackman v. United States, No. 04-1098 (MBC) (W.D. Pa. July 26, 2004).  On December 22, 2006, Judge Cohill denied the motion and a certificate of appealability.  In 2007, the Third Circuit denied a certificate of appealability.
>
> On October 6, 2009, while confined at FCI Elkton in Ohio, Jackman filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the September 17, 2002 conviction, arguing that his conviction for possession of a firearm violates the Second Amendment and that he is innocent based on a certificate of unconditional discharge issued by North Carolina dated January 16, 1997. See Jackman v. Shartle, No. 09-2300 (SL) (N.D. Ohio Oct. 6, 2009). On October 27, 2009, Judge Sara Lioi dismissed the petition on the ground that a motion under § 2255 was not inadequate or ineffective to test the legality of his detention.  On October 22, 2010, the Sixth Circuit affirmed the judgment dismissing the § 2241 petition.

Jackman v. Shartle, No. 12-5249 NLH, 2012 WL 4442802, at *1
(D.N.J. Sept. 24, 2012).

On or about August 11, 2012, while confined at FCI Fairton
in New Jersey, Petitioner filed a second § 2241 petition before
this Court.  Because this Court determined that Petitioner did
not establish that a motion to vacate under 28 U.S.C. § 2255 was
inadequate or ineffective to test the legality of his detention,
this Court summarily dismissed that petition for lack of
jurisdiction. See id.  Petitioner then filed a Motion for a New
Trial or to Alter or Amend the Judgment pursuant to Rule 59(e).
This Court denied the motion and the Third Circuit affirmed. See
Jackman v. Shartle, No. 12-5249, 2013 WL 2096502, at *1 (D.N.J.
May 13, 2013) aff'd, 535 F. App'x 87 (3d Cir. 2013).

On or about March 21, 2014, after his transfer to FCI Fort
Dix, Petitioner filed the instant habeas petition. (ECF No. 1).
On January 7, 2015, this Court again dismissed the Petition for
lack of jurisdiction. (ECF No. 6).

II.   MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 7)

Petitioner filed a Motion to Alter or Amend the Judgment
pursuant to Federal Civil Procedure Rule 59, which the Court now
addresses.  In his Motion, Petitioner confirms that he is, in
fact, challenging his 2002 sentence. (Mot. 2, ECF No. 7).  He
admits that he previously challenged this sentence in United
States District Courts in the Western District of Pennsylvania,

in the Northern District of Ohio, and in the District of New Jersey.  However, Petitioner asserts that each of those denials or dismissals was improper.

Petitioner contends that this Court does, in fact, have jurisdiction over his Petition.  He explains that he is filing his Petition under the provisions of Article I, § 9 of the Constitution which, he asserts, does not limit the number of times a writ challenging the validity of confinement can be filed.  Petitioner objects to his Petition being characterized as a petition under § 2241 or § 2255. (Mot. 3-4, ECF No. 7). Finally, Petitioner implies that his constitutional rights have been violated because, in his previous habeas corpus proceedings, he was not appointed counsel, no evidentiary hearing was conducted, no findings of fact were undertaken, no discovery was ordered, no audio tapes were made available, and no evidence was released by the United States Attorney's Office. (Mot. 3, 5-7, ECF No. 7).

Petitioner also reiterates some of the arguments set forth in his initial Petition in this case.  Specifically, Petitioner asserts that he is unlawfully detained because the device — for which a jury convicted Petitioner of unregistered possession — was not required to be registered pursuant to 26 U.S.C. § 5681(d).  Thus, Petitioner contends there could be no violation of that statute.  Further, Petitioner states that he was not a

4

felon in possession in violation of 18 U.S.C. § 922(g)(1), and
that he did not possess three predicate offenses which would
subject him to a sentence enhancement pursuant to 18 U.S.C. §
924(e)(1).  Finally, though he admittedly did not raise this
issue in his initial Petition, Petitioner questions how a
"forfeiture [was] allowed to commence under 21 U.S.C. § 881 when
this case involved no drugs or the proceeds from drugs[.]" (Mot.
8, ECF No. 7).

A. <u>STANDARD OF REVIEW</u>

Petitioner labeled his motion as a Motion to Alter or Amend
this Court's Order dismissing his Petition for lack of
jurisdiction.  Rule 59(e) of the Federal Rules of Civil
Procedure provides that a motion to "alter or amend a judgment"
must be filed within 28 days of the entry of the judgment. FED.
R. CIV. P. 59(e).  A post-judgment motion "will be considered a
Rule 59(e) motion where it involves 'reconsideration of matters
properly encompassed in a decision on the merits.'" <u>Osterneck v.</u>
<u>Ernst & Whinney</u>, 489 U.S. 169, 174 (1989) (<u>quoting</u> <u>White v. New</u>
<u>Hampshire Dept. of Employment Security</u>, 455 U.S. 445, 451
(1982)).

"The scope of a motion for reconsideration . . . is
extremely limited." <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir.
2011).  "Such motions are not to be used as an opportunity to
relitigate the case; rather, they may be used only to correct

manifest errors of law or fact or to present newly discovered evidence." Id.  "[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).

   B. DISCUSSION

   Petitioner argues that alteration or amendment of the Order dismissing his Petition for lack of jurisdiction is necessary to prevent a "manifest injustice." (Mot. 8, ECF No. 7).

   1. Jurisdiction

   The crux of Petitioner's argument is that this Petition, and his previous petitions, were improperly dismissed for lack of jurisdiction.  Specifically, Petitioner asserts that this Court has jurisdiction pursuant to Article I, § 9 of the Constitution.  He argues that the Constitution supersedes statutory law and that each time Petitioner is transferred to another custodian (i.e., to another facility), a new detention begins.  Presumably, Petitioner believes that he may file a new habeas corpus petition challenging the legality of his detention each time he is transferred.

   This Court previously explained to Petitioner that the Writ of Habeas Corpus protected under Article I is one and the same

as that authorized by Congress under 28 U.S.C. § 2241. <u>See</u>
<u>Jackman v. Shartle</u>, No. 12-5249, 2013 WL 2096502, at *3.
Petitioner, nonetheless, reiterates the same argument here.

This Court now clarifies that the reference to a Writ of
Habeas Corpus in Article I, § 9, Clause 2 of the Constitution
does not confer jurisdiction upon district courts.  Rather, it
simply places limitations on when the privilege of a writ of
habeas corpus may be suspended. <u>See</u> U.S. Const. art. I, § 9, cl.
2 ("The Privilege of the Writ of Habeas Corpus shall not be
suspended, unless when in Cases of Rebellion or Invasion the
public Safety may require it.").

This Court further notes that federal courts are courts of
limited jurisdiction, and they possess only the jurisdiction and
powers authorized by Article III of the Constitution and the
statutes enacted by Congress. <u>Kokkonen v. Guardian Life</u>
<u>Insurance Co. of America</u>, 511 U.S. 375, 377, 114 S.Ct. 1673, 128
L.Ed.2d 391 (1994); <u>Bender v. Williamsport Area School District</u>,
475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986);
<u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de</u>
<u>Guinee</u>, 456 U.S. 694, 701-02, 102 S.Ct. 2099, 72 L.Ed.2d 492
(1982).

In the habeas corpus context, the Supreme Court has stated,
"we have long recognized that 'the power to award the writ by
any of the courts of the United States, must be given by written

law[.]'" <u>Felker v. Turpin</u>, 518 U.S. 651, 664, 116 S. Ct. 2333, 2340, 135 L. Ed. 2d 827 (1996) (<u>citing</u> <u>Ex parte Bollman</u>, 8 U.S. 75, 94, 2 L. Ed. 554 (1807)). "Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" <u>Rasul v. Bush</u>, 542 U.S. 466, 473, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004) (<u>citing</u> 28 U.S.C. §§ 2241(a), (c)(3)); <u>see also</u> 28 U.S.C. § 2255.

Thus, federal courts have jurisdiction and authority to issue writs to federal prisoners <u>only</u> through the statutes enacted by Congress in 28 U.S.C. §§ 1651(a), 2241 and 2255; and, in extremely rare circumstances, through common law.[1]  Thus, the

---

[1] <u>See</u> Brian R. Means, Federal Habeas Manual § 5:5 (June 2013) ("Federal prisoners challenging their conviction or sentence must typically seek postconviction relief under 28 U.S.C.A. § 2255.  The § 2255 motion, however, is not a petition for writ of habeas corpus, and federal prisoners are generally precluded from challenging their convictions or sentences by way of habeas corpus pursuant to 28 U.S.C.A. § 2241.  Two exceptions to this rule exist.  First, a challenge to the execution of a sentence — in contrast to the imposition of a sentence — is properly filed pursuant to 28 U.S.C.A. § 2241.  And second, on rare occasions, federal prisoners may attack their convictions and sentences pursuant to § 2241, as opposed to § 2255, if the § 2255 remedy is inadequate or ineffective.  Federal courts have authority to issue a writ of error <u>coram</u> <u>nobis</u> under the All Writs Act, 28 U.S.C.A. § 1651(a).  The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  But this source of federal court power is to be used only in extraordinary circumstances.  And a movant cannot avoid

Constitution does not provide district courts with authority to issue writs to federal prisoners. See e.g., United States v. Kirkpatrick, No. 1:96-CR81, 2009 WL 2823658, at *11 (E.D. Tenn. Aug. 28, 2009) ("Article I, § 9, Clause 2 is not itself an independent source of jurisdiction for federal courts to issue the writ of habeas corpus."); see also Modena v. United States, No. 1:13-CV-293, 2014 WL 1154612, at *6 (W.D. Mich. Mar. 21, 2014) (holding that federal courts lack jurisdiction to entertain writs for habeas corpus which demand relief based upon Article I, § 9, Clause 2 of the Constitution).

Petitioner is mistaken in his belief that he may file an unlimited amount of writs for habeas corpus under Article I, § 9, Clause 2 of the Constitution.  As a federal prisoner challenging his conviction, any request for a writ of habeas corpus that Petitioner submits to a federal court is governed by 28 U.S.C. §§ 2241 or 2255. See Modena v. United States, 450 F.

---

the restrictions imposed on § 2255 motions by simply labeling the § 2255 motion as a petition for writ of error coram nobis. The common law writ of audita querela remains available to petitioners who raise legal objections that are not cognizable under existing federal postconviction remedies and is used to attack a judgment that was correct when rendered, but later became incorrect because of circumstances that arose after the judgment was issued.  But a federal prisoner may not use the writ of audita querela where postconviction relief is available through § 2255 or coram nobis motions.  And equitable reasons alone, even of the most compelling nature, are insufficient to invoke audita querela.").

App'x 119, 120 (3d Cir. 2011) (holding that petitioner's claim under Article I, § 9, Clause 2 of the Constitution should have been raised in a motion pursuant to 28 U.S.C. § 2255).  For that reason, it was proper for this Court to dismiss the Petition for lack of jurisdiction as explained in the January 7, 2015 Order (ECF No. 5).[2]

---

[2]    As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

As explained by this Court in its Order dismissing the instant Petition (ECF No. 5), by this Court in its Order dismissing Petitioner's previous petition in Civil Case No. 12-5249, see Jackman v. Shartle, No. 12-5249, 2012 WL 4442802 (D.N.J. Sept. 24, 2012), and by the Northern District of Ohio in its Order dismissing Petitioner's first § 2241 petition, see Jackman v. Shartle, No. 09-2300, 2010 WL 1797979 (N.D. Ohio May 3, 2010), Petitioner in this case has failed to show that remedies under § 2255 are either inadequate or ineffective. Thus, resort to § 2241 is not permitted and each of these district courts lacks jurisdiction under Dorsainvil to entertain his challenges to his conviction and sentence under § 2241.

Furthermore, to the extent Petitioner meant to bring this Petition pursuant to § 2255, it must also be dismissed for lack of jurisdiction.  Petitioner previously filed a motion pursuant to § 2255 challenging the validity of his 2002 conviction and

2. <u>Recharacterization of the Petition</u>

Also in his Motion, Petitioner objects to the recharacterization of his Petition as one filed pursuant to §2241. (Mot. 3, ECF No. 7).  Petitioner asserts that such recharacterization is contrary to the Supreme Court's holding in <u>Castro v. United States</u>, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003).

In <u>Castro</u>, the Supreme Court addressed the unique circumstance where a <u>pro se</u> litigant's motion was being recharacterized as the litigant's <u>first</u> § 2255 motion.  Such recharacterization would render any subsequent § 2255 motion subject to the restrictions on "second and successive" motions. Thus, the consequences of recharacterization in <u>Castro</u> were potentially burdensome to the <u>pro se</u> litigant.  In his concurring opinion, Justice Scalia cautioned against this paternalistic approach and warned that recharacterization of this type could harm a litigant. <u>See</u> <u>Castro</u> 540 U.S. 385-88. Nevertheless, the majority in <u>Castro</u> found that any risk of harm

---

sentence, and Petitioner does not allege that he sought and received permission from the Third Circuit to bring a second § 2255 petition.  Thus, the instant Petition would be considered a second or successive motion under § 2255, for which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction. <u>See</u> <u>Padilla v. Miner</u>, 150 F. App'x 116 (3d Cir. 2005); <u>Littles v. United States</u>, 142 F. App'x 103, 104 n.1 (3d Cir. 2005) (citing <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002), <u>cert. denied</u>, 540 U.S. 826 (2003)).

of recharacterization to a first § 2255 motion could be avoided by affording a petitioner proper notice of the court's intent to recharacterize the pleading, and the opportunity to withdraw or amend his motion. See id. at 383.

The instant case presents a substantially different procedural scenario.  Petitioner in this case concedes that he previously filed a motion pursuant to § 2255.  Thus, any subsequent § 2255 motion already was, and is, "second and successive."  Accordingly, recharacterization of the instant motion does not carry with it the consequences and the potential risks discussed in Justice Scalia's concurring opinion in Castro.  Nor does recharacterization in this case impose the same limitations and notice requirements discussed by the majority in Castro.  Thus, recharacterization in this case is not contrary to the holding in Castro and Petitioner's argument in this respect is without merit.

3. Consideration of the merits of Petitioner's claims

Petitioner argues that his Constitutional claims have never been addressed upon their merits. (Mot. 5, ECF No. 7). Specifically, Petitioner states that "'NO' examination into the causes and pretext of Petitioner's detention have been undertaken by this court as required by Habeas Corpus ad subjiciendum, only 'opinions' issued without discovery, evidentiary hearing, conclusions of law, or opportunity to

present evidence in violation of the Sixth Amendment." (Id.).
Petitioner further implies that he was denied "the appointment
of counsel as required by Strickland and its many progenies."
(Mot. 5, ECF No. 7).

      As an initial matter, the Court notes that Petitioner's
previous pleadings were dismissed for lack of jurisdiction. See
Jackman v. Shartle, No. 09-2300, 2010 WL 1797979, at *3 (N.D.
Ohio May 3, 2010); Jackman v. Shartle, No. 12-5249, 2012 WL
4442802 (D.N.J. Sept. 24, 2012); Jackman v. Shartle, No. 12-
5249, 2013 WL 2096502, at *1 (D.N.J. May 13, 2013) aff'd, 535 F.
App'x 87 (3d Cir. 2013).  Without jurisdiction, it is improper
for a Court to consider the merits of Petitioner's claims; thus,
it would have been inappropriate to conduct an evidentiary
hearing or to permit the parties to present evidence. See
Nichols v. United States, 474 F. App'x 854, 856 (3d Cir. 2012)
(holding that where a § 2255 motion is not inadequate or
ineffective to test the legality of petitioner's detention, a
district court lacks subject-matter jurisdiction to adjudicate a
§ 2241 petition).

      Moreover, the claims raised in Petitioner's initial motion
to vacate pursuant to 28 U.S.C. § 2255 were addressed on the
merits in a thorough opinion dated December 22, 2006. See United
States v. Jackman, No. 04-1098, 2006 WL 3791331, at *1 (W.D. Pa.
Dec. 22, 2006).  To the extent Petitioner implies that he was

denied some form due process with respect to that proceeding, see (Mot. 2, ¶ 3, ECF No. 7), this Court notes that Petitioner had the opportunity to assert these alleged constitutional violations in an appeal of the district court's decision.

Finally, the Court responds to Petitioner's contention that he was improperly denied appointment of "counsel as required by Strickland[.]" (Mot. 2, ¶ 3, ECF No. 7). Presumably, Petitioner refers to Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). However, the holding in Strickland does not provide for appointment of counsel to petitioners in federal habeas cases. Rather, Strickland sets forth a standard by which courts can assess claims of ineffective assistance of counsel. Therefore, to the extent Petitioner asserts that he should have been afforded counsel in these proceedings under Strickland, his argument is without merit.

Moreover, as will be explained in further detail below, see Section VI(A), Petitioner has no definitive constitutional right to counsel in a federal habeas corpus proceeding. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) (abrogated on other grounds by Berryman v. Morton, 100 F.3d 1089 (3d Cir. 1996)).

Accordingly, to the extent Petitioner asserts that his constitutional rights were violated because his claims were unfairly or improperly dismissed — or "opined," (Mot. 2, ECF No.

7) — without adequate consideration by the courts, or without adequate due process, this argument is without merit.

### 4. Conclusion - no manifest injustice

For the foregoing reasons, Petitioner has failed to identify a manifest injustice that would be prevented by the granting of his motion. <u>See</u> FED. R. CIV. P. 59(e)(3); <u>Wiest</u>, 710 F.3d at 128.  Accordingly, his motion will be denied.

### III. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF NO. 8)

On or about February 10, 2015, Petitioner filed a document titled "Motion for Leave to File an Amended Complaint."  This document, however, is more appropriately characterized as a submission in support of Petitioner's pending Motion to Alter or Amend the Judgment.  In this document, Petitioner again attempts to assert that this Court does, in fact, have jurisdiction over his request for a writ of habeas corpus.  In support of this position, Petitioner cites case law which establishes that "§ 2241 petitions challenging the execution of a federal sentence generally must be filed in the district of confinement[.]" <u>Massaquoi v. Thomas</u>, 545 F. App'x 118, 119 n.2 (3d Cir. 2013) (citations omitted).  Thus, Petitioner concludes that this court, as the district of confinement, has jurisdiction over his Petition.

At the outset, this Court notes that the petitioner in the case cited above was challenging the <u>execution</u> of his sentence —

specifically, his challenge was to decisions made by the Bureau of Prisons — whereas Petitioner in this case is challenging the validity of his conviction and sentence.  Therefore, the § 2241 Petition in this case is properly analyzed pursuant to the safety valve of § 2255. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) (explaining safety valve to § 2255 as a petition under § 2241); see also BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:29 (June 2015) ("Section 2241 provides a remedy for federal prisoners in two circumstances: (1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate.").

As a result, in addition to the venue limitation (i.e., the requirement that the petition must be filed in the district of confinement), Petitioner must also show that § 2255 is an inadequate and ineffective remedy in order to establish jurisdiction before this Court under § 2241.  As explained earlier, and in the Orders referenced above, Petitioner has failed to make this showing.  Accordingly, this Court lacks jurisdiction to consider his challenges to his conviction and sentence pursuant to § 2241.

Also, in this submission Petitioner directs this Court's attention to Federal Rule of Appellate Procedure 22(a) "for instruction and guidance" in reassessing its determination that it lacks jurisdiction. (Mot. 1, ECF No. 8).  However Rule 22(a)

16

simply explains the procedural relationship between district courts and appellate courts in habeas proceedings.  It short it assumes jurisdiction; it does not confer it.  Accordingly, this argument is without merit.

Finally, in this submission Petitioner again implies that he has been denied some sort of due process because "at no time during this or any other proceeding have the courts where matters were filed, conducted any inquiry into the validity or merits of claims presented, ordered discovery, made findings of fact or conclusions of law, or conducted any proceedings[.]" (Mot. 1, ECF No. 8).  As discussed above, Petitioner raised a similar argument in his Motion to Alter or Amend the Judgment. (ECF No. 7).  The Court again reminds Petitioner that he received the opportunity to have these matters heard on the merits at trial in 2002.  He then was able to voice his challenges on appeal in 2003.  Finally, he was able to raise challenges in his motion to vacate in 2004 and Petitioner does not allege that he has received authorization from the Third Circuit to file a second or successive motion under § 2255. See In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) ("Before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion.").

Therefore, Petitioner has no right — statutory, constitutional, or otherwise — to relitigate issues, or raise new ones, in subsequent requests for writ of habeas corpus. See 28 U.S.C. §§ 2244, 2255; Burton v. Stewart, 549 U.S. 147, 153–56 n.1 (2007) ("[A] new application for habeas corpus relief is successive and may not be entertained by a district court, absent authorization from the circuit, where a prior application challenging the same conviction was adjudicated on the merits."); Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) ("[U]nless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court.").[3]

Further, as explained above, this Court and the district court for the Northern District of Ohio lack jurisdiction to consider Petitioner's challenges; therefore, no evidentiary hearing could have been, or can be, ordered. Finally, to the extent Petitioner means to assert that the District Court of Western Pennsylvania improperly denied him an evidentiary

---

[3] Moreover, continuing to raise identical issues in subsequent petitions after courts have repeatedly explained the absence of jurisdiction may be tantamount to an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (holding that abuse of writ is not confined to instances of deliberate abandonment; petitioner can abuse writ by raising claim in subsequent petition that he could have raised in first, regardless of whether failure to raise it earlier stemmed from deliberate choice.).

hearing during his first motion pursuant to § 2255, this Court notes that Petitioner had the opportunity to appeal that decision.

Accordingly, Petitioner has not been denied due process and there exists no manifest injustice which warrants granting Petitioner's Rule 59(e) motion.  For these reasons, Petitioner's motion titled "Motion for Leave to File Amended Complaint and Demand for Judgment" (ECF No. 8) is denied.

IV.  <u>MOTION FOR AN ORDER COMPELLING DISCOVERY (ECF No. 14)</u>

In this submission, Petitioner seeks an Order compelling Respondents to produce requested documentation.  He also seeks $100 as compensation for expenses incurred in obtaining the Order because Respondents' "refusal to produce the documents had no substantial justification." (Mot. 3, ECF No. 14).

In light of the fact that the Court denies Petitioner's Motion to Alter and Amend the Judgment and will reclose the case, Petitioner's Motion for an Order Compelling Discovery is denied as moot.  Moreover, the Court notes that the Court did not order an answer from Respondents, thus they have not, as Petitioner alleges, refused to produce documents.

V.  <u>MOTION TO SUPPLEMENT THE PROCEEDINGS (ECF NO. 22)</u>

Petitioner recently filed a Motion to Supplement the Proceedings in which he seeks to add an argument regarding the application of the Armed Career Criminal Act ("ACCA").

Specifically, Petitioner cites to two recently decided decisions in the Seventh and Fourth Circuits. <u>See</u> <u>United States v. Newbold</u>, 791 F.3d 455 (4th Cir. 2015); <u>United States v. Lockett</u>, 782 F.3d 349 (7th Cir. 2015).

Because the Court denies Petitioner's Motion to Alter or Amend the Judgment, and because the case will be reclosed, Petitioner's Motion to Supplement the Proceedings is denied as moot. Moreover, the cases cited by Petitioner, as decisions of other circuit courts, are not binding on this Court and, thus, do not provide a basis for a habeas corpus petition.

### VI. <u>OTHER SUBMISSIONS</u>

The Court notes that Petitioner has filed numerous other letter requests and submissions. Specifically, he has submitted:

- Application and request for production of documents (ECF No. 9)
- Application and request for an evidentiary hearing (ECF No. 10)
- Petitioner's second request for production of documents (ECF No. 11)
- Petitioner's first set of interrogatories to Respondents (ECF No. 12)
- Petitioner's second set of interrogatories to Respondents (ECF No. 13)
- Demand for Trial by Jury (ECF No. 15)
- Letter from Donald G. Jackman regarding election to proceed without counsel (ECF NO. 16)
- Letter from Donald G. Jackman regarding cause of action (ECF No. 17)
- Amended Document (ECF No. 18)
- Letter from Donald G. Jackman regarding supplemental authority (ECF No. 19)

- Letter from Donald G. Jackman regarding decision in <u>Johnson v. United States</u> (ECF NO. 21)
- Ex Parte Communication (not filed on the docket)

The Court has carefully reviewed each of these documents and determines that no action from the Court is warranted at this time.  To the extent Petitioner intended these submissions to be considered as motions or informal requests, they are denied.  However, for purposes of clarification, the Court will comment on four of Petitioner's submissions.

A. <u>Letter from Donald G. Jackman regarding election to proceed without counsel (ECF NO. 16)</u>

First, it is evident from this submission that Petitioner believes that he is entitled to counsel in this civil action. Petition is mistaken.  As discussed above, "[t]here is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." <u>Reese</u>, 946 F.2d at 263.  District courts have broad discretion to request counsel for indigent <u>pro se</u> litigants, but such appointment is a privilege, not a statutory or constitutional right of the litigant. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); <u>Montgomery v. Pinchak</u>, 294 F.2d 492, 498 (3d Cir. 2002); <u>see also</u> <u>Speller v. Ciccero</u>, No. 13-1258, 2013 WL 1121377, at *1 (D.N.J. Mar. 12, 2013).

In his submission, Petitioner indicates that he intends to proceed <u>pro se</u>.  Nevertheless, the Court wishes to point out to

Petitioner that he has no right to counsel during this proceeding.  Furthermore, because his Petition has been dismissed, there is currently no pending action.

B. Letter from Donald G. Jackman regarding cause of action (ECF No. 17)

Petitioner clarifies in this submission that he does not want his Petition to be construed as a petition pursuant to 28 U.S.C. § 2241.  He again asserts that he has filed his Petition under the provisions of Article I, § 9, Clause 2 of the Constitution.

As explained above, however, Article I, § 9, Clause 2 of the Constitution does not confer jurisdiction upon this Court. Therefore, if this Court were to consider the instant Petition as one filed pursuant to Article I, § 9, Clause 2 of the Constitution, it would likewise dismissed for lack of jurisdiction. See e.g., Modena, 450 F. App'x 119; Kirkpatrick, No. 1:96-CR81, 2009 WL 2823658, at *11.

C. Letter from Donald G. Jackman regarding decision in Johnson v. United States (ECF NO. 21)

In this submission, Petitioner sets forth an entirely new argument premised upon the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  Because this argument was not raised in the initial Petition which this Court dismissed for lack of jurisdiction, and because this Court denies his Motion to Alter or Amend the Judgment, this Court

will not permit amendment of the instant Petition to assert this new argument. See Muniz v. Zickefoose, 460 F. App'x 165, 166 (3d Cir. 2012) (approving district court's determination that petitioner's post-dismissal filing which raised new claims was properly construed as a new petition). Petitioner is free to raise this issue in a separately filed § 2241 petition.

    D. Ex Parte Communication

    The Court received a letter from Petitioner dated June 1, 2015 which he refers to as an "ex parte communication." Given this title, it is unlikely that Petitioner wishes this document to appear on the docket and, thus, become publicly available. See United States v. Wecht, 484 F.3d 194, 209 (3d Cir. 2007), as amended (July 2, 2007) ("documents filed with the court are generally subject to the common law right of access[.]"). Moreover, except in extremely limited circumstances, judges are prohibited from engaging in ex parte communications. See Wecht, 484 F.3d at 227 ("The Code of Conduct for United States Judges prohibits ex parte communications except in certain circumstances not presented by this case."); see also In re Kensington Int'l Ltd., 368 F.3d 289, 310 (3d Cir. 2004) ("[E]x parte communications run contrary to our adversarial trial system.").

    Therefore, this document will not appear on the docket and will not be considered by the Court. As explained above,

Petitioner's motions are denied and this case will be closed. To the extent Petitioner wishes the Court to consider the content of his June 1, 2015 letter, he may submit same in conjunction with a future filed petition with the knowledge that said document will likely be available to the public.[4]

### VII. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Alter or Amend Judgment (ECF No. 7) is denied.  Likewise, this Court also denies Petitioner's Motion for Leave to File an Amended Complaint (ECF No. 8), his Motion for an Order Compelling Discovery (ECF No. 14), and his Motion to Supplement the Proceedings (ECF No. 22).  The Clerk of the Court will be ordered to reclose this case.

Petitioner is permitted to file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to raise his argument based on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

An appropriate Order will be entered.

_____ s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: September 25, 2015
At Camden, New Jersey

---

[4] Petitioner may file a Motion to Seal the document pursuant to Local Civil Rule 5.3(c).